IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| KEVIN BOONE, | § | |
| | § | No. 251, 2019 |
| Defendant Below, | § | |
| Appellant, | § | |
| | § | |
| v. | § | Court Below–Superior Court |
| | § | of the State of Delaware |
| STATE OF DELAWARE, | § | |
| | § | Cr. ID No. 1803002540 (N) |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: August 29, 2019
Decided: October 28, 2019

Before **VAUGHN**, **SEITZ**, and **TRAYNOR**, Justices.

## ORDER

Upon consideration of the appellant's Supreme Court Rule 26(c) brief, his attorney's motion to withdraw, and the State's response, it appears to the Court that:

(1) On December 3, 2018, the appellant, Kevin Boone, pleaded guilty to two counts of third degree rape. The Superior Court deferred sentencing. On March 22, 2019, the Superior Court sentenced Boone to an aggregate of forty years of Level V incarceration, suspended after six years for five years of Level III probation. This is Boone's direct appeal.

(2) Boone's counsel on appeal has filed a brief and a motion to withdraw under Rule 26(c). Counsel asserts that, after a complete and careful examination of the record, there are no arguably appealable issues. Counsel informed Boone of the

provisions of Rule 26(c) and provided Boone with a copy of the motion to withdraw and the accompanying brief. Counsel informed Boone of his right to supplement his attorney's presentation. Boone did not file a written response raising any issues for this Court's consideration.[1] The State has responded to the position taken by Boone's counsel and has moved to affirm the Superior Court's judgment.

(3) The standard and scope of review applicable to the consideration of a motion to withdraw and an accompanying brief under Rule 26(c) is twofold: (a) this Court must be satisfied that defense counsel has made a conscientious examination of the record and the law for arguable claims; and (b) this Court must conduct its own review of the record and determine whether the appeal is so totally devoid of at least arguably appealable issues that it can be decided without an adversary presentation.[2]

(4) The Court has reviewed the record carefully and has concluded that Boone's appeal is wholly without merit and devoid of any arguably appealable issue. We also are satisfied that Boone's counsel has made a conscientious effort to

---

[1] Four days after his sentencing, Boone filed a motion for postconviction relief in the Superior Court. The motion was denied and Boone appealed. In that appeal, Boone raised arguments that his counsel initially included as points to be considered in *this* appeal. Counsel subsequently amended his Rule 26(c) brief to clarify that Boone has not submitted points for us to consider in his direct appeal. Boone will have the opportunity to fully litigate his postconviction arguments because we reversed the Superior Court's denial of his untimely-filed motion for postconviction relief and directed the Superior Court to vacate its order without prejudice. *Boone v. State*, 2019 WL 2524188 (Del. June 18, 2019).

[2] *Penson v. Ohio*, 488 U.S. 75, 83 (1988); *McCoy v. Court of Appeals of Wisconsin*, 486 U.S. 429, 442 (1988); *Anders v. California*, 386 U.S. 738, 744 (1967).

examine the record and the law and has properly determined that Boone could not raise a meritorious claim in this appeal.

NOW, THEREFORE, IT IS ORDERED that the State's motion to affirm is GRANTED.  The judgment of the Superior Court is AFFIRMED.  The motion to withdraw is moot.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Justice